FREEMAN M. ROSE *v.* DEXTER DANIELS et al.

A promise or agreement by a creditor, to accept of, or assent to, the provisions of a deed of assignment already made and executed by his debtor, avails nothing, when by the terms of the deed a discharge is required to be delivered to the assignee.

An agreement by a creditor, that upon receiving less than its full amount, his claim shall be discharged, is void unless supported by a consideration,—either a release or an accord and satisfaction being needful to discharge a debt.

ASSUMPSIT for monies due on promissory notes and for goods sold and delivered. To the declaration, which was in common form, the defendants pleaded specially in bar, and to their plea the plaintiff demurred. The substance of the defendants' plea was, that the defendants, at a given date, had made an assignment for the benefit of creditors, and that, as the plaintiff (as was alleged) had become a party to that assignment and accepted

the provisions thereof, he could now claim for his debt only his ratable proportion of the assets of the defendants, which, it was averred in the plea, the assignee had always been, and was still, ready to pay him.

The said assignment was dated on the 9th of September, 1865. The clause upon which the defendants relied, it was agreed, was as follows:—

"*Third.* After the full payment of the debts and liabilities aforesaid, the said Samuel Currey shall divide the surplus, if any there be then remaining in his hands, equally among all the creditors of said Newell, Daniels & Co., in proportion to their respective demands: Provided that such of said creditors as do not, within four months from the date hereof, execute and deliver to said assignee a full discharge of their claims and demands against said firm of Newell, Daniels & Co. shall not be entitled to or receive any dividend or profit under this deed of assignment, but the dividends on the claims and demands of such creditors shall be paid over to the said assignors, or such person or persons as they may appoint."

The evidence of the plaintiff's acceptance of this provision for his benefit, it was also agreed, was the following note, received by mail, January 10, 1866, at $8\frac{1}{3}$ o'clock A. M., postmarked "January 10":—

"Mr. SAMUEL CURREY:—

"*Dear Sir,*—I will accept the assignment under the third clause of Newell, Daniels & Co.'s, for the am't of my claim.

"F. M. ROSE.

"Jan'y 9, 1866.
"Providence."

*Tillinghast, for the plaintiff:*—

.I. Ever since *Cumber* v. *Wane*, 1 Strange, 426 (1 Sm. Lead. Cas. 409), the rule has been well settled, that a mere agreement by a creditor, to accept a part of his debt in full (or even, as some of the cases say, actual acceptance and payment of a part in full) is *nudum pactum* and void.

II. The rule is equally well settled, where there is a general composition by the creditors with their debtor,—where, as here, the creditors act separately and independently, so that the action of one is no inducement to the action of the others. And the assignment or transfer of property by the debtor not being induced by the action of the creditors, but made voluntarily and independently of them, as in this case, makes no difference; particularly where, as here, the dividends are reserved to the assignors themselves, if not taken by the creditors. It is, at most, mere accord without satisfaction. *Fitch* v. *Sutton,* 5 East. 230; *Heathcote* v. *Crookshanks,* 2 Term, 24; *Fellows* v. *Stevens,* 26 Wend. 294; *Cutter & Co.* v. *Reynolds,* 8 B. Mon. 596.

III. This assignment requires a discharge to be executed and delivered to the assignee within four months. This is a strict condition, and all the cases hold these conditions must be strictly performed by debtor and creditor, whichever the burden is cast upon, to make them obligatory. *Cranley* v. *Hillary,* 2 Maule & Sel. 120; *Orighten* v. *Trotter,* 2 Nev. & Man. 71 (28 E. C. L. 353). This plea is bad, as it does not even set this up to be a *discharge,* but a mere agreement to accept a dividend,—and such, in fact, it only was. 1. It is at the most but a mere agreement to discharge (even if that), which could not be enforced even in equity; for equity will not enforce voluntary unexecuted agreements. It is not a technical discharge or release, for want of a seal. *Agnew* v. *Dorr,* 5 Whart. 131 (cited in Burrill on Assignments, 531). See *Tyson* v. *Dorr,* 6 Whart. 256 (cited Ib. 532), showing that the invalidity in the first case was the want of a seal,—the same condition in the second case being held void, and a discharge, which there was under seal, good. 2. It was not delivered within the four months. Mailing in the post office was no delivery to bind the assignee and other creditors, and so, as well as by not being a formal discharge, gave Rose no claim as against other creditors to a dividend. *Pierpont* v. *Graham,* 4 Wash. C. C. Rep. 232.

*Currey, for the defendants.*

BRAYTON, J. The plaintiff has brought his action upon a promissory note made by the defendants. The plea to this is,

that the defendants, being insolvent, have made an assignment of all their property in the State, and, after providing for certain preferred claims, have (in the third clause, I think) provided that all the remaining assets shall be divided among all the other creditors who shall, within four months, execute and deliver a discharge to the party; and that the plaintiff agreed and promised to accept those terms.

This plea is demurred to, on the ground that this understanding is neither a discharge, a release, nor an accord and satisfaction; there having been nothing delivered to furnish a consideration for any release.

With the party demurring, we are inclined to think this a valid objection. The most that this amounts to is an agreement that, upon receiving less than the amount due, the debt shall be discharged, which, in the case cited in the argument, is held to be a void agreement unless supported by a consideration. There must be either a release or an accord and satisfaction in order to discharge the debt. But in this case, upon the terms of this assignment, the condition of receiving anything is not simply that the party will agree to release, but that he should actually execute and deliver a release to the assignee, which, upon the papers, is shown not to have taken place within the four months prescribed by the terms of the assignment.

We think, therefore, the demurrer must be sustained in this case, and judgment must be for the plaintiff.